ANNA SCHAU v. FANNIE LYNN.

Decided June 7, 1923.

**Negligence—Of Landlord—Assumption of Duty to Keep Property in Repair.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *Herbert Clark Gilson.*

*Contra, Degheri & Kepsel.*

PER CURIAM.

This was an action for personal injuries. The plaintiff called professionally upon a dressmaker, who occupied the

premises known as No. 198 Third street, in Jersey City, of which the defendant, Mrs. Lynn, was the owner. While the plaintiff was leaving the house, and was coming down the front stoop, one of the steps broke or became dislodged, and she thereby received the injury for which she sued. The trial resulted in a verdict in her favor, and we are asked to set it aside on the single ground that the court improperly refused to nonsuit the plaintiff or to direct a verdict in favor of the defendant. The contention is that no responsibility rested upon the defendant as landlord to repair the stoop, and that, this being so, no negligence could be imputed to her for a failure in that regard, and as a corollary to this proposition, no recovery could be had against her by the plaintiff.

The building in question was a one-family residence, and normally the defendant, as landlord, was under no obligation to keep the front porch in proper condition. Both sides conceded this, but it was contended on behalf of the plaintiff that, although the defendant was under no legal obligation as landlord to do this, yet she had, in fact, assumed to perform this duty, and that, therefore, the case came within the doctrine of *LaBrasca* v. *Hinchman,* 81 *N. J. L.* 367. An examination of the testimony sent up with the rule discloses that there was some evidence that the defendant assumed the duty of keeping this porch in repair. In this situation, the trial court properly refused to nonsuit or to direct a verdict; for, if the duty was in fact assumed, then the doctrine of the cited case was applicable.

The rule to show cause will be discharged.